There is no need for the majority to determine whether the statutory amendment in question abolished a cause of action, because the majority has found that the amendment provides a reasonable alternative to any cause that may have existed. That being the case, we need not reach the abolition issue. In this vein, the relevant statements in Kluger and Iglesia are cursory, questionable, and overbroad; and I would not analyze these cases in such a manner if I were writing on a clean slate. Common sense dictates that the act of imposing ever greater burdens of proof on plaintiffs at some point must effectively constitute the abolition of a cause of action.
For example, I think few would question that access to the courts is being denied if the legislature purports to preserve a cause of action but then insulates defendants with conclusive, irrebuttable presumptions. Such a "cause of action" would be little more than a legal sham used to circumvent article I, section 21. We have never yet said at what point an increased burden constitutes an impermissible abolition, nor do I believe the majority intends to imply that no such point exists. For that reason, I would leave the issue unaddressed in this case. *Page 544